ORIGINAL

SEALED

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | NO. |
| v. | 3-23CR0248-M |
| AMBREEN KHAN | **FILED UNDER SEAL** |

### INDICTMENT

The Grand Jury charges:

At all times material to this indictment:

#### General Allegations

1.     The Coronavirus Aid, Relief, and Economic Security ("CARES") Act was a federal law enacted on or about March 27, 2020, to provide emergency financial assistance to Americans suffering economic harms from the COVID-19 pandemic. To achieve this goal, the CARES Act established new temporary programs and expanded existing programs administered by the United States Small Business Administration ("SBA").

#### The Paycheck Protection Program

2.     One source of relief provided by the CARES Act was the authorization of forgivable loans to small businesses for job retention and certain other expenses, through a program referred to as the Paycheck Protection Program ("PPP"). Businesses could apply for PPP loans by submitting a PPP loan application known as a SBA Form 2483.

Indictment—Page 1

3. The PPP loan application required that businesses acknowledge, through authorized representatives, the program rules and make certain affirmative certifications to be eligible to obtain the PPP loan. In the PPP loan application, businesses, through authorized representatives, were required to state their: (a) average monthly payroll expenses; and (b) number of employees. These figures were used to calculate the amount of money the applicant businesses were eligible to receive under the PPP. In addition, businesses were required to provide documentation evidencing their payroll expenses. Typically, businesses would supply documents showing the amount of payroll taxes reported to the United States Internal Revenue Service ("IRS").

4. A PPP loan application was processed by a participating lender or the participating lender's designee. If a PPP loan application was approved, the lender funded the PPP loan using the lender's money and the loan was fully guaranteed by the SBA. Data from the loan application, including information about the borrower, payroll expenses, and the total amount of the loan, were transmitted by the lender to the SBA in the course of processing the loan.

5. PPP loan proceeds were required to be used by the business on certain permissible expenses, that is, payroll costs, interest on mortgages, rent, and utilities. The PPP allowed the interest and principal on the PPP loan to be entirely forgiven if the business spent the loan proceeds on permissible expense items within a designated period of time and used a defined portion of the PPP loan proceeds on payroll expenses.

The Defendant and Relevant Entities

6.  Defendant **Ambreen Khan** was an individual purportedly operating as a business.

7.  L.K. Industries, Inc. ("L.K. Industries") was a purported metal recycling business.

8.  Company 1 was a company with servers located in Richardson, Texas, in the Northern District of Texas, that provided an electronic signature service that allowed users to digitally sign documents using its online platform.

9.  Carter Federal Credit Union, also known as Carter Credit Union ("Carter FCU"), was a financial institution as defined in 18 U.S.C. § 20, whose depositors' accounts were insured by the National Credit Union Share Insurance Fund. Carter FCU participated in the PPP as an approved SBA third-party lender.

Count One
Wire Fraud
[18 U.S.C. § 1343]

10.   Paragraphs 1 through 9 of this indictment are realleged and incorporated by reference as though fully set forth herein.

The Scheme to Defraud

11.   From on or about April 1, 2020, through on or about May 31, 2021, defendant **Ambreen Khan** sought to unlawfully enrich herself by, among other things, submitting and causing the submission of a false and fraudulent application for a PPP loan, and to thereafter seek forgiveness of the PPP loan.

12.   It was part of the scheme that on or about April 29, 2020, defendant **Ambreen Khan** submitted, and caused to be submitted, to Carter FCU a PPP loan application that falsely described **Khan's** average monthly payroll.

13.   It was further part of the scheme that as part of her PPP loan application, defendant **Ambreen Khan** submitted, and caused to be submitted, fraudulent IRS forms that falsely described **Khan's** purported 2019 business income from L.K. Industries, when in fact **Khan** received no payments in 2019 from L.K. Industries.

14.   Thereafter, Carter FCU approved **Khan's** PPP loan application.

15.   On or about May 19, 2020, defendant **Ambreen Khan** caused Carter FCU to deposit approximately $21,849 in fraudulently obtained PPP loan proceeds into a bank account controlled by **Khan**.

16.   It was part of the scheme that on or about May 5, 2021, defendant **Ambreen Khan** submitted, and caused to be submitted, to Carter FCU an application

seeking to have her PPP loan forgiven. **Khan** digitally signed the loan forgiveness documentation.

17. On or about May 5, 2021, personnel at Carter FCU approved defendant **Ambreen Khan's** loan forgiveness application. Carter FCU personnel digitally signed the loan forgiveness approval. The loan forgiveness approval signed by Carter FCU personnel was transmitted via wire to Company 1's servers in the Northern District of Texas.

18. On or about May 12, 2021, Carter FCU forgave defendant **Ambreen Khan**'s PPP loan. Thereafter, Carter FCU obtained reimbursement for the loan from the SBA.

## The Charge

19. On or about May 5, 2021, in the Northern District of Texas and elsewhere, the defendant, **Ambreen Khan**, for the purpose of executing and in furtherance of the aforesaid scheme and artifice to defraud, and to obtain money and property by means of materially false and fraudulent pretenses, representations, and promises, knowing that the pretenses, representations, and promises were false and fraudulent when made, did knowingly cause to be transmitted in interstate commerce, by means of wire communication, certain writings, signs, signals, pictures and sounds, that is, loan forgiveness documentation from Carter FCU in Louisiana to Company 1's servers in the Northern District of Texas.

All in violation of 18 U.S.C. § 1343.

Forfeiture Notice
[18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461(c)]

20. The allegations of this indictment are hereby re-alleged and by this reference fully incorporated herein for the purpose of alleging forfeiture to the United States of America of certain property in which the defendant **Ambreen Khan** has an interest.

21. Upon conviction for the offense alleged in Count One of this indictment and pursuant to 18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461(c), defendant **Ambreen Khan** shall forfeit to the United States of America any property constituting, or derived from, proceeds obtained directly or indirectly as a result of the offense.

22. If any of the property described above, as a result of any act or omission of the defendant:

    a. cannot be located upon the exercise of due diligence;

    b. has been transferred or sold to, or deposited with, a third party;

    c. has been placed beyond the jurisdiction of the court;

    d. has been substantially diminished in value; or

    e. has been commingled with other property which cannot be divided without difficulty,

the United States of America shall be entitled to forfeiture of substitute property pursuant to 21 U.S.C. § 853(p), as incorporated by 28 U.S.C. § 2461(c).

23. The above-referenced property subject to forfeiture includes, but is not limited to, a "money judgment" constituting the gross proceeds traceable to the offense.

A TRUE BILL:

_____
FOREPERSON

LEIGHA SIMONTON
UNITED STATES ATTORNEY

_____
FABIO LEONARDI
Assistant United States Attorney
New York State Bar No. 4902938
1100 Commerce Street, Third Floor
Dallas, Texas 75242-1699
Telephone: 214-659-8600
Facsimile: 214-659-8809
Email: fabio.leonardi@usdoj.gov

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

THE UNITED STATES OF AMERICA

v.

AMBREEN KHAN

SEALED INDICTMENT

18 U.S.C. § 1343
Wire Fraud
(Count 1)

18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461(c)
Forfeiture Notice

1 Count

A true bill rendered

--------------------------------------------------------------------------------
DALLAS                                                              FOREPERSON

Filed in open court this 21 day of June, 2023.

--------------------------------------------------------------------------------

**Warrant to be Issued**

--------------------------------------------------------------------------------

UNITED STATES MAGISTRATE JUDGE
No Criminal Matter Pending